IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **REYNALDO CRUZ**<br><br>Plaintiff,<br><br>v.<br><br>**UNION INDEPENDIENTE AUTENTICA,** et al,<br><br>Defendants. | **CIVIL NO. 17-2261 (PAD)** |

## MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW the Department of Justice of the Commonwealth of Puerto Rico, on behalf of defendant Hon. Ricardo A. Rosselló Nevares, in his official capacity as Governor of the Commonwealth of Puerto Rico, through the undersigned attorney, without waving any right or defense arising from Title III of Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA"), 48 U.S.C. §§ 2101 *et seq*. and the Commonwealth's Petition under said Title or under this case and without submitting to the Court's jurisdiction, and very respectfully states and prays as follows**:**

INTRODUCTION

The instant case was filed by plaintiff seeking essentially a declaratory judgment to render unconstitutional portions of the Puerto Rico Labor Relations Act that hinge upon plaintiff's required membership on a labor organization and his objection to the collection of union dues; the award of equitable reliefs, actual and

nominal damages. Appearing codefendant was included among the defendants although no specific allegation is addressed towards him in his official capacity and no particular action or inaction is attributed to him as Governor, either.

Appearing codefendant contends that his inclusion in the instant case is uncalled for. Moreover, inasmuch as the complaint lacks factual allegations against the Governor in his official capacity, the dismissal of this party is in order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to assert the defense of failure to state a claim upon which relief can be granted, before pleading, if a responsive pleading is allowed. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See* Brown v. Hot, Sexy and Safer Products, Inc., 68 F.3d 252, 530 (1st Cir. 1995). The Court accepts all well pleaded-factual allegations as true, and indulges all reasonable inferences in plaintiff's favor. *See* Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *See* Aulson v. Blanchard, 83 F3d 1, 3 (1st Cir. 1996).

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965

(2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 1964-65. The Supreme Court further explained that the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true". *Id.* at 1965.

Under Twombly, the factual allegations which are assumed to be true must do more than create speculation or suspicion of a legally cognizable cause of action; they must demonstrate the plausibility of entitlement to relief. Twombly, 550 U.S. at 555, 557. *Accord*, Sanchéz v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009); and MVM Inc. v. Rodríguez, 568 F. Supp. 2d 158, 167 (D.P.R. 2008). The Supreme Court further observed in Twombly that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that a plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." 550 U.S. at 556, n. 3.

To make this plausibility determination, the court employs a two-pronged approach. *See* Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Id.* (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. *Id*. The second part of the test requires the court

3

to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. <u>Id</u>. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. <u>Twombly</u>, 550 U.S. at 556. The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." <u>Sepúlveda– Villarini v. Dep't of Educ</u>., 628 F.3d 25, 29 (1st Cir. 2010); *see* <u>Twombly</u>, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

## LEGAL ARGUMENTATION

It is a settled matter that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Monell v. New York City Dept. of Social Services</u>, 436 U. S. 658, 690, n. 55 166 166 (1978), cited in <u>Kentucky v. Graham</u>, 473 US 159, 166 (1985). Moreover, as the Court asserted in <u>Graham</u>, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. <u>Brandon</u>, 469 U. S., at 471-472. It is *not* a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, *supra*. Hence, we have that "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." <u>Will v. Michigan Dept. of State</u>

4

Police, 491 U. S. 58, 71 (1989), cited in Hafer v. Melo, 502 US 21 (1991). Accordingly, the real party in interest in the instant case is the Commonwealth of Puerto Rico.

At the risk of stating the obvious, the Commonwealth of Puerto Rico plays no part in the instant case. The Commonwealth is not the employer of plaintiff; PRASA is. ECF no. 1, ¶7. The complaint avers that PRASA is "a public corporation, and an autonomous government instrumentality…" ECF no. 1, ¶ 9. Likewise, the complaint avers that PRASA has the capacity to sue and be sued. *Id.* Thus the Commonwealth [i.e. the Governor in his official capacity] has no saying in the daily operations and management decisions of PRASA and its union. In light of this reality it is not surprising that the complaint does not have a single hint at any action committed by the Commonwealth which requires redress, monetary or injunctive.

The Commonwealth has no business at all in the alleged facts of the complaint at bar. The Commonwealth has not entered into agreements governing the terms and conditions of PRASA employees' employment, neither it has entered into exclusive bargaining agreements with the UIA. The only people involved in these facts are the plaintiff, PRASA and the UIA. That's it.

While "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, … it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will, *supra*, at 66. The doctrine of Sovereign Immunity and the immunity afforded by the Eleventh

Amendment protect the Commonwealth, as well all the States of the Union, from this kind of lawsuit. *Id.*; Welch v. Texas Dept. of Highways and Public Transportation, 483 U. S. 468, 472-473 (1987).

The Eleventh Amendment serves to avoid "the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties," Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U. S. 139, 146 (1993). Moreover, the Supreme Court has made clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment. Cory v. White, 457 U. S. 85, 90 (1982).

Nevertheless, the Supreme Court has often found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to "end a continuing violation of federal law." Green v. Mansour, 474 U. S., 64, 68 (1985). The Court has ruled that when a state official in his or her official capacity is sued for injunctive relief, he or she would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State. Graham, *supra*, 167, n. 14.

Appearing defendant posits that plaintiff is asking for a retroactive injunctive relief. See ECF no. 1, p. 22, item B. 2 (restitution of all union dues seized from plaintiff from October 26, 2016 on). Plaintiff is also asking for an award of actual monetary damages and nominal damages plus interest. See ECF no. 1, p. 22, item C. Hence the doctrine of Sovereign Immunity/Eleventh Amendment precludes plaintiff's lawsuit and forbids this court for entertaining this matter. Consequently,

the complaint should be dismissed with prejudice as to the Governor in his official capacity (i.e. the Commonwealth).

Even assuming for purposes of argumentation that plaintiff is seeking a prospective injunctive relief, the fact of the matter is that the Commonwealth cannot afford plaintiff the remedy he is asking for. As explained above, and pursuant to the allegations of the complaint, PRASA, plaintiff's employer, is a public corporation, an autonomous government instrumentality, with capacity to sue and be sued. It goes without saying that PRASA (and the UIA for that matter) manages its own internal affairs, separate from and unencumbered by the central government. Colloquially speaking, the inclusion of the Governor in his official capacity in the instant case is tantamount to "barking up the wrong tree."

Wherefore, appearing codefendant requests that the Court grant the instant motion to dismiss.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties and attorneys of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 24th day of January, 2018.

**WANDA VÁZQUEZ-GARCED**
Secretary of Justice

**WANDYMAR BURGOS-VARGAS**
Deputy Secretary in Charge of Litigation

**SUSANA PEÑAGARÍCANO-**

*S/ Yadhira Ramirez-Toro*
**YADHIRA RAMIREZ-TORO**
USDC No. 217208
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-5636

7

**BROWN**  
Director of Federal Litigation and  
Bankruptcy Division

Fax: 787-723-9188  
yaelrivka@yahoo.com