IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **REYNALDO CRUZ**<br><br>Plaintiff<br><br>v.<br><br>**UNION INDEPENDIENTE AUTENTICA de los EMPLEADOS de la AUTORIDAD de ACUEDUCTOS y ALCANTARILLADOS; THE PUERTO RICO AQUEDUCT and SEWER AUTHORITY; and, HON. RICARDO ANTONIO ROSSELLÓ NEVARES, in his official capacity as Governor of the Commonwealth of Puerto Rico**<br><br>Defendants | CIVIL No. 3:17-CV-02261 (PAD) |

### PUERTO RICO AQUEDUCT AND SEWER AUTHORITY'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM

**TO THE HONORABLE COURT:**

**COMES NOW** Puerto Rico Aqueduct and Sewer Authority ("PRASA" or "Defendant"), through its undersigned counsels and very respectfully submits its Answers to the Complaint, and Crossclaim.

### I. INTRODUCTION

1. The first and last sentence of Paragraph 1 of the Complaint do not require a responsive pleading. To the extent it is deemed to include factual averments, the same are denied. The remainder of Paragraph 1 of the Complaint is denied.

2. The first sentence of Paragraph 2 of the Complaint does not require a responsive pleading. To the extent it is deemed to include factual averments, the same is denied. The remainder of Paragraph 2 of the Complaint is denied.

## II.  JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

4. Paragraph 4 of the Complaint does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

5. Paragraph 5 of the Complaint does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

6. Paragraph 5 of the Complaint does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

## III.  PARTIES

7. Paragraph 7 of the Complaint is admitted. It is affirmatively averred that Plaintiff started working with PRASA as a plant operator in 1992.

8. From Paragraph 8 of the Complaint it is admitted that UIA is a labor organization under the laws of the Commonwealth of Puerto Rico and that it is the exclusive bargaining representative of Cruz and other PRASA employees. The remainder of Paragraph 8 is denied as it is not addressed to PRASA.

9. Paragraph 9 of the Complaint is admitted.

10. From Paragraph 10 of the Complaint is admitted that Hon. Ricardo Rosselló Nevares is the Governor of the Commonwealth of Puerto Rico. The remaining portions of Paragraph 10 is denied as it is not addressed to PRASA.

## IV. FACTS

11. Paragraph 11 of the Complaint contains statement of law that does not requires a responsive pleading. In the event it is deemed to include factual averments and/or conclusions of law, the same are denied.

12. Paragraph 12 of the Complaint contains statements of law that do not require a responsive pleading. In the event it is deemed to include factual averments and/or conclusions of law, the same are denied.

13. Paragraph 13 of the Complaint contains statements of law that do not require a responsive pleading. In the event it is deemed to include factual averments and/or conclusions of law, the same are denied.

14. From Paragraph 14 of the Complaint it is admitted that pursuant to UIA and PRASA's extant collective bargaining agreement and PRLA 29 L.P.R.A §62 et seq., after UIA provides PRASA copy of its Constitution and Bylaws, and/or the President's and Chapter Secretaries' written certification approving special dues after an assembly and/or any other requirement included in the parties' extant collective bargaining agreement in this regard, PRASA withholds Union dues from the employees' wages and remit those dues to UIA. It is specifically averred that PRASA has no legal duty or obligation to restrict UIA's use of those dues, and that, as a matter of law, it would be illegal from PRASA to restrict UIA's use of their dues.

15. Paragraph 15 of the Complaint contains statements of law that do not require a responsive pleading. In the event it is deemed to include factual averments and/or conclusions of law, the same are denied.

16. From Paragraph 16 of the Complaint, it is admitted that UIA and PRASA have negotiated and entered into a series of collective bargaining agreements, and that there is currently

a collective bargaining agreement in place. The remaining portions of the paragraph are denied. It is affirmatively averred, that UIA and PRASA signed an agreement in December 2011, which in turn enter into effect on January 1, 2012 until December 31, 2015.

17. Paragraph 17 of the Complaint is admitted that by agreement and/or by mandate of law, UIA and PRASA's collective bargaining agreement remains in force.

18. Paragraph 18 of the Complaint is admitted.

19. Paragraph 19 of the Complaint is denied as drafted. Article V of the collective bargaining agreement does not have lettered paragraphs. It is specifically averred, that Article V, "Inclusions A" paragraph, defines in general terms the included classifications in the bargaining unit.

20. Paragraph 20 of the Complaint admitted that Cruz's position is part of the bargaining unit.

21. Paragraph 21 of the Complaint is admitted.

22. The first two lines of Paragraph 22 are admitted. The remaining portion of paragraph 22 does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

23. Paragraph 23 of the Complaint is admitted based on the information contained in UIA's Constitution in PRASA's files.

24. Paragraph 24 of the Complaint is admitted based on the information contained in UIA's Constitution in PRASA's files.

25. Paragraph 25 of the Complaint is admitted based on the information contained in UIA's Constitution in PRASA's files.

26. Paragraph 26 of the Complaint is admitted based on the information contained in the UIA's Constitution in PRASA's files.

27. From Paragraph 27 of the Complaint it is admitted, based on the information contained in UIA's Constitutions in PRASA's files, that the UIA has an internal disciplinary procedure for its members. The remainder of Paragraph 27 is denied for lack of knowledge of the UIA's internal procedures.

28. Paragraph 28 of the Complaint is admitted based on the information contained in UIA's Constitution in PRASA's files.

29. Paragraph 29 is denied. It is affirmatively averred that Article V(5) refers to "fines" not "union dues".

30. From Paragraph 30 of the Complaint is admitted that pursuant to Article VII of UIA and PRASA's extant collective bargaining agreement, PRASA withholds Union regular dues, initiation fees, and special fees from the employees' wages and remits those dues to UIA within ten (10) days from the date of retention. It is affirmatively averred that PRASA has no legal duty, authority or obligation to restrict UIA's use of those dues.

31. Paragraph 31 of the Complaint is admitted.

32. Paragraph 32 of the Complaint is admitted.

33. Paragraph 33 of the Complaint is denied for lack of sufficient information to form a belief as to the truth of the matter asserted. It is affirmatively averred that PRASA has not legal duty, authority or obligation to restrict UIA's use of its dues.

34. Paragraph 34 of the Complaint is a statement of law that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

35. Paragraph 35 of the Complaint is a statement of law that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

36. Paragraph 36 of the Complaint is denied for lack of sufficient information to form a belief as to the truth of the matter asserted.

37. Paragraph 37 of the Complaint is denied for lack of sufficient information to form a belief as to the truth of the matters asserted.

38. Paragraph 38 of the Complaint is denied for lack of sufficient information to form a belief as to the truth of the matters asserted.

39. From Paragraph 39 of the Complaint it is admitted that PRASA received a letter dated April 4, 2017, from Cruz's representative where he raised several claims. All other allegations in Paragraph 39 are denied.

40. Paragraph 40 of the Complaint is denied as it does not relate to PRASA.

41. From Paragraph 41 of the Complaint it is admitted that PRASA responded to Cruz's April 4, 2017 letter on or about June 26, 2017. The remainder of Paragraph 41 is denied. It is affirmatively averred that PRASA has no authority to reduce, change, or stop union dues deduction.

42. Paragraph 42 of the Complaint is denied. It is affirmatively averred that PRASA complies with all local laws, including PRLA, 29 L.P.R.A. §§62 et seq.

43. Paragraph 43 of the Complaint is denied for lack of sufficient knowledge to form a belief as to the truth of the matters averred.

44. Paragraph 44 of the Complaint is denied for lack of sufficient knowledge to form a belief as to the truth of the matters averred.

45. Paragraph 45 of the Complaint is denied for lack of sufficient knowledge to form a belief as to the truth of the matters averred.

46. Paragraph 46 of the Complaint contains legal argumentation that do not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

47. Paragraph 47 of the Complaint is denied as it is a conclusory statement/opinion. To the extent it is deemed to include factual averments, the same are denied.

48. Paragraph 48 of the Complaint is a statement of law that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

49. Paragraph 49 of the Complaint is denied as it is a conclusion of law. In the event it is deemed to include factual averments, the same are denied.

50. Paragraph 50 of the Complaint is denied as it is a conclusion of law. In the event it is deemed to include factual averments, the same are denied.

51. Paragraph 51 of the Complaint does not require a responsive pleading. To the extent it is deemed to include factual averments, the same are denied.

52. Paragraph 52 of the Complaint does not require a responsive pleading. To the extent it is deemed to include factual averments, the same are denied.

53. Paragraph 53 of the Complaint does not require a responsive pleading. To the extent it is deemed to include factual averments, the same are denied.

54. Paragraph 54 of the Complaint is denied as drafted. It is affirmatively averred that PRASA has no duty, obligation, control or authority over UIA's dues.

55. Paragraph 55 of the Complaint is denied for lack of sufficient knowledge to form a belief as to the truth of the matters asserted.

56. Paragraph 56 of the Complaint is denied as it does not refer to PRASA.

57. Paragraph 57 of the Complaint is denied as it does not refer to PRASA.

58. Paragraph 58 of the Complaint is denied for lack of sufficient knowledge to form a belief as to the matters asserted. It is affirmatively averred that PRASA does not have any duty to return, reimburse, rebate or reduce UIA's dues.

59. Paragraph 59 of the Complaint is denied. It is affirmatively averred that PRASA does not have any duty, obligation or authority to provide notices and procedures regarding internal union matters.

60. Paragraph 60 of the Complaint is denied. It is affirmatively averred that PRASA does not have any duty, obligation or authority to interfere with internal union matters.

## V.  COUNT ONE- COMPULSORY MEMBERSHIP REQUIREMENTS

61. PRASA incorporates by reference all allegations in the preceding paragraphs and further pleads:

62. Paragraph 62 of the Complaint is a statement of law that does not require a responsive pleading. In the event it is deemed to include factual averments, the same is denied.

63. Paragraph 63 of the Complaint is a statement of law that does not require a responsive pleading. In the event it is deemed to include factual averments, the same is denied.

64. Paragraph 64 of the Complaint is a statement of law that does not require a responsive pleading. In the event it is deemed to include factual averments, the same is denied.

65. Paragraph 65 of the Complaint is denied.

66. Paragraph 66 of the Complaint is denied.

67. Paragraph 67 of the Complaint is denied as it is a conclusion of law. In the event it is deemed to include factual averments, the same are denied.

68. Paragraph 68 of the Complaint is denied.

69. Paragraph 69 of the Complaint is denied.

70. Paragraph 70 of the Complaint is denied.

71. Paragraph 71 of the Complaint is denied.

72. Paragraph 72 of the Complaint is a conclusion of law. In the event it is deemed to include factual averments, the same are denied.

73. Paragraph 73 of the Complaint is denied.

## VI.  COUNT TWO- COMPULSORY UNION FEE REQUIREMENTS

74. PRASA incorporates by reference all allegations in the preceding paragraphs and further pleads:

75. Paragraph 72 of the Complaint contains legal argumentation that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

76. Paragraph 76 of the Complaint contains legal argumentation that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

77. Paragraph 77 of the Complaint contains legal argumentation that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

78. Paragraph 78 of the Complaint is a statement of law that does not requires a responsive pleading. In the event it is deemed to include factual averments, the same is denied.

79. Paragraph 79 of the Complaint contains legal argumentation that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

80. Paragraph 80 of the Complaint contains legal argumentation that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

81. Paragraph 81 of the Complaint is denied as it is a conclusion of law.

82. Paragraph 82 of the Complaint is denied as it is a conclusion of law.

83. Paragraph 83 of the Complaint is denied as it is a conclusion of law.

84. Paragraph 84 of the Complaint is denied.

85. Paragraph 85 of the Complaint is denied as it is a conclusion of law.

86. Paragraph 86 of the Complaint is denied as it is a conclusion of law.

87. Paragraph 87 of the Complaint is denied.

88. Paragraph 88 of the Complaint is denied as it is a conclusion of law.

89. Paragraph 89 of the Complaint is denied.

90. Paragraph 90 of the Complaint is denied.

## VII.  COUNT THREE- PROCEDUREAL RIGHTS VIOLATIONS

91. PRASA incorporates by reference all allegations in the preceding paragraphs and further pleads:

92. Paragraph 92 of the Complaint does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

93. Paragraph 93 of the Complaint is a statement of law that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

94. Paragraph 94 of the Complaint is a statement of law that does not require a responsive pleading. In the event it is deemed to include factual averments, the same are denied.

95. Paragraph 95 of the Complaint is denied. It is affirmatively averred that PRASA has no obligation, duty or authority to interfere with UIA's internal procedures and/or how dues are established.

96. Paragraph 96 of the Complaint is denied. It is affirmatively averred that PRASA has no obligation, duty or authority to interfere with UIA's internal procedures and/or how dues are established.

97. Paragraph 97 of the Complaint is denied. It is specifically averred that PRASA has no obligation, duty or authority to interfere with UIA's internal procedures and/or how dues are established.

98. Paragraph 98 of the Complaint is denied as drafted. It is affirmatively averred that PRASA has no authority to interfere with internal Union matters in connection to how union dues are allocated, expended, or with regards to any internal union procedure for objecting the imposition of union dues.

99. Paragraph 99 of the Complaint is denied.

100. Paragraph 100 of the Complaint is denied.

## VIII.  COSTS AND ATTORNEYS' FEES

101. Paragraph 101 of the Complaint is denied.

Any and all allegations not specifically admitted above, are denied.

## IX.  PRAYER FOR RELIEF

The Payer for Relief, including its sections A, B, C, D, and E, and all the subsections within, are denied.

## X.  AFFIRMATIVE DEFENSES

A. Plaintiff's Complaint fails to state a claim against PRASA upon which relief can be granted.

B. Any and all decisions made by PRASA regarding Plaintiff's union dues deductions were made in good faith, without malice or willfulness, as part of the obligations and duties of

   PRASA pursuant to collective bargaining agreements executed between PRASA and UIA, and in compliance with the law.

C. PRASA acted within the scope of its discretionary authority.

D. Compulsory agency fees are legal under the First Amendment.

E. Plaintiff is not alleging clearly established constitutional rights.

F. Plaintiff constitutional law rights claims fail as he will not be able to prove a deprivation of a federally protected and/or constitutional right or that PRASA's alleged conduct was casually connected to the alleged deprivation.

G. PRASA has no control over the amount of fees established by UIA nor UIA's internal processes in dealing with bargaining unit employees' objections regarding union dues. Having said control would constitute an unfair labor practice under PRLA.

H. Neither <u>Chicago Teachers Union v. Hudson</u>, 475 U.S. 292 (1986), nor <u>Abood v. Detroit Board of Education,</u> 431 U.S. 209 (1977), imposes any kind of obligation and/or liability upon PRASA in connection to union dues deduction. Thus, Plaintiff has no viable claim against PRASA.

I. PRASA had no authority to take any action to amend and/or reduce Plaintiff's dues.

J. PRASA has no control over UIA's dues allotment.

K. PRASA could not request an audit of UIA's finances in order to comply with Plaintiff's alleged right to object the dues.

L. PRASA is contractually and legally bound to comply with the UIA's dues checkoffs deduction.

M. Any PRASA's actions in connection to Plaintiff's dues deductions are lawful within the purview of PRLA, 29 L.P.R.A. §62 *et seq.*, and in compliance with a valid and outstanding collective bargaining agreement.

N. The sole responsibility of allocating its dues, notifying its members of how their dues are distributed and used, and responding to any claim or objection raised by a union member in connection to dues collected, is UIA.

O. PRASA cannot be held liable for actions or omissions undertaken by third parties.

P. Plaintiff does not have a colorable cause of action under the Constitution of the United States, or under the Civil Rights Act of 1871, 42 U.S.C §1983.

Q. PRASA does not respond for any alleged damages claimed by Plaintiff.

R. Plaintiff did not suffer damages. If so, plaintiff are solely responsible for his alleged damages.

S. The damages alleged in the Complaint are exaggerated, speculative and/or are not recoverable as a matter of law.

T. Plaintiffs have failed to mitigate damages.

U. Plaintiff does not have a right to any of the alleged damages claimed in the Complaint.

V. Plaintiff has no right to recover costs and attorneys' fees.

W. There is no causal relationship between any act or omission on the part of PRASA and the damages claimed in the Complaint.

X. PRASA expressly reserves the right to raise additional defenses or to amend those already raised on the basis of further discovery.

**CROSSCLAIM**

**A.     Overview**

1. Puerto Rico Aqueduct and Sewer Authority ("PRASA") brings this Cross-Claim action against Union de Independiente Auténtica de Empleados de la Autoridad de Acueductos y Alcantarillados ("UIA") for any liability and/or imposition of restitution of any amount of union dues and damages that could result from the Original Complaint filed by Plaintiff.

2. PRASA and UIA's extant collective bargaining agreement includes a hold-harmless agreement in its Article VII (5), which states: "The Union agrees to indemnify or exonerate PRASA for any amount of dues that PRASA deducted in compliance with this Article and that PRASA could be held liable to restitute to any employee or group of employee as a result of a judgment of decision that orders it as a result of a cause attributable to the Union."

3. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 13(g), PRASA files the present crossclaim against UIA.

**B.     Parties**

4. Cross-Claimant PRASA is a public corporation and an autonomous government instrumentality of the Government of Puerto Rico, created and organized under the Puerto Rico Aqueduct and Sewer Authority Act, Law. No. 40-1945, as amended, 22 L.P.R.A. §142 *et seq*.

5. Cross-Defendant UIA is a labor organization within the meaning of 29 L.P.RA. §63(10) which holds the exclusive representation of certain PRASA employees within the bargaining unit, including Reynaldo Cruz Rivera ("Cruz").

**C.     Jurisdiction and Venue**

6.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because Reynaldo Cruz' alleged causes of action pursuant to Civil Rights Act of 1871, 42 U.S.C. §1983 arise under federal law and the Constitution of the United States.

7.     Venue in the United States District Court for the District of Puerto Rico is proper pursuant to 28 U.S.C. §1391(b)(1) and (2) because part of the acts and omissions giving rise to the claims asserted herein occurred in this judicial district and the Defendants reside, transact their business, and maintain offices in this judicial district.

**D.     Facts**

8.     PRASA and UIA are parties to a collective bargaining agreement ("the CBA") that has been in effect since January 2012 and has been extended by virtue of the parties' agreement and/or by virtue of law.

9.     Subject to the restrictions imposed by PR Law No. 66 of June 14, 2014, Law No. 3 of January 23, 2017, and Law No. 26 of April 29, 2017, the validity of the CBA has been extended and remains in force as of to date.

10.     Article VII of the CBA, is in full force and effect to date and provides that PRASA will deduct union dues and fees from bargaining unit employees' wages that the Union may impose on its members in accordance to its constitution and bylaws.

11.     Cruz is a PRASA employee holding the position of plant operator since 1992.

12.     In accordance with the CBA, PRASA has deducted union dues from Cruz's wages, and has remitted such deductions to the UIA.

13.     PRASA has no control over the imposition, amount, allotment, and/or any other decision in connection to UIA's dues.

14. PRASA is contractually and legally bound to comply with the union dues deductions.

15. PRASA has no control over UIA's response to its bargaining unit employees in connection to any claim related to the amount and/or deduction of union dues.

16. On October 26, 2017, Cruz filed a claim (case number 17-cv-02261) against UIA, PRASA and Puerto Rico's Governor Ricardo Antonio Rosselló Nevares, in his official capacity, were he claims, among other allegations, that PRASA and UIA illegally deducted UIA's dues from Cruz's wages over his objections ("Cruz's Complaint").

17. Among the remedies requested in Cruz's Complaint, is the restitution of all union dues deducted from the date he allegedly first objected such deduction (October 26, 2016) through the present, plus interests, and damages.

18. PRASA and UIA's extant CBA includes a hold-harmless agreement in favor of PRASA in its Article VII (5), which states: "The Union agrees to indemnify or exonerate PRASA for any amount of dues that PRASA deducted in compliance with this Article and that PRASA could be held liable to restitute to any employee or group of employee as a result of a judgment of decision that orders it as a result of a cause attributable to the Union." (Our translation)

**E.   First Cause of Action**

19. PRASA reasserts the foregoing and further alleges:

20. In the event of an unfavorable judgment against PRASA and UIA in Cruz's claim, UIA is the only liable party.

21. Accordingly, UIA is responsible for any and all possible remedies granted to Cruz that could be imposed against PRASA in connection to the Cruz's Union dues deduction in virtue of Article VII (5) of UIA and PRASA's extant CBA.

**F.     Prayer for Relief**

**WHEREFORE**, Cross-Claimant PRASA prays this Court to find PRASA free of any harm and liability in connection to Cruz's Claim, and holds UIA solely responsible of any possible remedy granted to Cruz in case 17-cv-02261, in light of PRASA and UIA's hold-harmless agreement encompassed in their CBA.

Respectfully submitted.

In San Juan, Puerto Rico, on this 25th day of January 2018.

**WE HEREBY CERTIFY** that on this date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLC**
*Attorneys for Defendant and Cross-Claimant PRASA*
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

*/s/Erika Berríos Berríos*
**Erika Berríos Berríos**
USDC PR No. 227312
eberrios@salawpr.com

*/s/Vanessa I. Marzan Hernandez*
**Vanessa I. Marzan Hernandez**
USDC PR No. 226901
vmarzan@salawpr.com