# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| REYNALDO CRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNIÓN INDEPENDIENTE AUTÉNTICA DE LOS EMPLEADOS DE LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS, THE PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, AND HON. RICARDO ANTONIO ROSSELLÓ NEVARES, in his official capacity as Governor of the Commonwealth of Puerto Rico,<br><br>    Defendants. | Civil Case No. 17-2261-PAD |

## PLAINTIFF'S RESPONSE TO DEFENDANT GOVERNOR RICARDO ANTONIO ROSSELLÓ NEVARES'S MOTION TO COMPLY WITH THE ORDER TO SHOW CAUSE

Pursuant to the Court's June 28, 2018 Order to Show Cause (ECF No. 55) ("the Order"), Plaintiff Reynaldo Cruz ("Cruz"), by and through his undersigned counsel, hereby submits this Brief in Response to Defendant Governor Ricardo Antonio Rosselló Nevares's ("Governor") Motion in Compliance with the Order (ECF No. 64).

### ARGUMENT

Pursuant to the U.S. Supreme Court's decision in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018), this Court should declare that 29 L.P.R.A. § 69(1)(b)-(c), and 84(4) of the Puerto Rico Labor Relations Act ("PRLA") are unconstitutional facially and as applied to Cruz. The Governor recognizes that "a public employee that does not wish to join a union, or who

1

wishes to no longer be a member of a union to which he is currently a member, is not obligated to pay any dues to the union." Gov. Br. 8. The Governor states:

> Pursuant to *Janus*, *supra*, Plaintiff may withdraw from the Union if he does not wish to belong to it, as exercise of his right of freedom of association of the First Amendment of the Constitution of the United States. Therefore, the provisions of 29 L.P.R.A. §§ 69(1)(b)-(c) and 84(4), inasmuch [] as it allows all-union shops and maintenance of membership agreements with labor organizations, and the deduction of sums of money from the salary, earnings or income from the employee for the payment of dues to a labor organization, even when the employee does not wish to be part of said labor organization, is unconstitutional because it is in open violation of the employees' First Amendment right of freedom of speech and association.

Gov. Br. 8.

Cruz files this Response only to clarify the point that Cruz's right to refrain from full-fledged union membership was established at least as early as *Abood*, and subsequently re-affirmed, continuing through the *Janus* decision. *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977). The Supreme Court in *Janus* recognized the First Amendment precedent prohibiting compelled speech and association. *See Janus*, 138 S. Ct. at 2463 (citations omitted); *Harris v. Quinn*, 134 S. Ct. 2618, 2644 (2014) (It is a "bedrock principle that, except perhaps in the rarest of circumstances, no person in this country may be compelled to subsidize speech by a third party that he or she does not wish to support."); *Knox v. Serv. Emps.*, 567 U.S. 298, 311 (2012); *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 797 (1988) (The First Amendment protects "the decision of both what to say and what not to say."); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984) ("Freedom of association … plainly presupposes a freedom not to associate."); *Wooley v. Maynard*, 430 U.S. 705, 714 (1977); *W. Va. Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943).

Cruz's challenge to Defendants' maintenance of membership requirements is consistent with *Janus* and supported by precedent re-affirmed in that case. Prior to *Janus*, PRLA § 69(1)(c)

was unconstitutional insofar as it authorized employers and labor organizations to enter into "all-union shop contracts" and "maintenance of membership agreements," whereby employees are required as a condition of employment to become members of or maintain their membership in labor organizations. That is because forced union membership violates basic principles of association and speech, and employees had a right to refrain from union membership and object to the union's political and ideological expenditures. Cruz Resp. UIA MTD 6-7 (citing *Hudson*, *Abood*, *Knox*, *Roberts*, and *Debont*).

*Janus* eliminated any possible constitutional construction of PRLA § 69(1)(c), because "membership," even in the "financial core" sense that allowed unions to require nonmembers to pay agency fees as a condition of employment, is no longer constitutional. *Janus*, 138 S. Ct. at 2463-65, 2486. *Janus* reaffirmed basic principles of First Amendment speech and association that are abridged by PRLA § 69(1)(c) when employees are literally forced to join a labor organization and abide by its internal rules as a condition of employment. The Supreme Court does not explicitly state it in *Janus* (probably because it is so obvious), but it was presumed—even in *Abood*—that maintenance of membership requirements are impingements so pernicious that they could not even be justified under labor peace or free rider justifications. *Abood*, 431 U.S. at 233 ("[T]he freedom of an individual to associate for the purpose of advancing beliefs and ideas is protected by the First and Fourteenth Amendments … a government may not require an individual to relinquish rights guaranteed him by the First Amendment as a condition of employment."). After *Janus*, labor peace and free rider justifications cannot even justify forced payment of fees for union administrative expenses. *Janus*, 138 S. Ct. at 2465-69.

Forcing nonmembers to pay service fees as a condition of employment was the last vestige of "membership" requirements, now swept away into obsolescence. It would defy the

Supreme Court's reasoning to wind back the clock more than seventy years and impose a union membership requirement that is even more intrusive than service fee payments. *See* Compl. ¶¶23-32 (describing the union membership obligations imposed on Cruz as a condition of employment).

For this reason, 29 L.P.R.A. §§ 69(1)(b)-(c), 63(7)-(8), and 84(4), were unconstitutional even prior to *Janus* because they authorized unions and employers to enter into all-union and maintenance of membership agreements, which required employees to become and remain a full-fledged union member as a condition of employment, and authorized unions and employers to seize union dues and fees based solely on maintenance of membership requirements in the CBA.

Furthermore, 29 L.P.R.A. §§ 69(1)(b)-(c) and 84(4) were unconstitutional prior to *Janus* because they authorized unions and employers to deduct automatically union dues and fees from employees' wages, based solely on the collective bargaining agreement and irrespective of whether the employee voluntarily joined the union. This mechanism effectively forced full-fledged membership and full union dues payments on PRASA employees, like Cruz, as a condition of employment. It prohibited those employees from ever leaving the union and stopping union dues deductions.

The Supreme Court in *Janus* established that once Cruz resigned from union membership, he was entitled under the First Amendment to refrain from paying any union fees as a condition of employment. As the Governor recognizes, 29 L.P.R.A. §§ 69(1)(b)-(c) and 84(4), are unconstitutional because they allow unions and employers to deduct union fees from his earnings without his affirmative consent and voluntary authorization.

## CONCLUSION

For the foregoing reasons, the Court should award Cruz the relief requested in the Complaint in light of *Janus*.

Date: September 6, 2018                    Respectfully submitted,

**/S/ VERONICA FERRAIUOLI-HORNEDO**
Veronica Ferraiuoli-Hornedo
USDC-PR 213814
*vero@ferraiuoli.pr*
Estudio Legal Ferraiuoli, PSC
P.O. Box 195384
San Juan, PR 00919-5384
Tel: (787) 296-4733
Fax: (787) 296-4430

**/S/ MATTHEW B. GILLIAM**
Milton L. Chappell (*admitted pro hac vice*)
D.C. Bar No. 936153
*mlc@nrtw.org*
Matthew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
Ángel J. Valencia
USDC-PR 300009
*ajv@nrtw.org*
c/o National Right to Work
  Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: (703) 321-8510
Fax: (703) 321-9319

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT GOVERNOR RICARDO ANTONIO ROSSELLÓ NEVARES'S MOTION TO COMPLY WITH THE ORDER TO SHOW CAUSE** with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to all appearing parties and counsels using the Court's electronic system.

By**: /s/ Matthew B. Gilliam**